**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ 08101-2067**

Andrew B. Altenburg, Jr.  (856) 361-2320
U.S. BANKRUPTCY JUDGE

January 13, 2015

Brian C. Nicholas, Esquire
Zucker, Goldberg & Ackerman, LLC
200 Sheffield Street
Suite 101
Mountainside, NJ 07092

Louis Frank Avolio
3101 Boardwalk
Unit 712 Tower 1
Atlantic City, NJ 08401

Chad M. Sherwood, Esquire
Chad M. Sherwood, LLC
1109 South Main Street
Pleasantville, NJ 08232

Re:   *FRT 2011-1 Trust v. Gibraltar Financial Services*
      Adv. Pro. No. 13-01933-ABA

Dear Messrs. Avolio, Nicholas, and Sherwood:

On September 21, 2014, FRT 2011-1 Trust ("FRT") filed a Motion for Summary Judgment against Gibraltar Financial Services ("Gibraltar"). Gibraltar responded on October 28, 2014 and cross-moved for summary judgment in its favor. A hearing was held on these issues on December 18, 2014 (the "December 18th Hearing") at which time the parties appeared and stated their cases.

At the December 18th Hearing, Mr. Nicholas focused his attention on what he alleges was a valid satisfaction and argued that the issues at play in this case are purely legal issues. Mr. Nicholas alleged that the transaction involved was legal and binding under Nevada law and that there exists no genuine issue of material fact for this court to explore.

Federal Rule of Bankruptcy Procedure 7056 incorporates Federal Rule of Civil Procedure 56, the summary judgment rule, into bankruptcy adversary proceedings. Rule 56 says that summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that might affect the action's outcome under the law; fact issues must be genuine, not merely some alleged factual dispute. *Born v. Monmouth Cnty. Corr. Inst.*, No. 07-3771 (MLC), 2009 WL 2058837, at *3 (D.N.J. July 9, 2009). The court must determine whether there is a genuine issue for trial, not weigh the evidence or determine the truth of the matter. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)

The initial burden for summary judgment is on the moving party to prove that no genuine issue of material fact is in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). That burden, if satisfied, shifts to the non-moving party to present "specific facts showing that there is

a genuine issue for trial." *Anderson*, 477 U.S. at 248. On a cross-motion for summary judgment the defendant-movant "has no obligation to produce evidence negating its opponent's case" and can simply "point to the lack of any evidence supporting the non-movant's claim." *Maiorano v. Thompson*, No. 04-2279 (SDW), 2008 WL 304899, at *2 (D.N.J. Feb. 1, 2008) (citing *Nat'l State Bank v. Fed. Reserve Bank of New York*, 979 F.2d 1579, 1581 (3d Cir.1992)). In opposing such a cross-motion, the opposing party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." *Id.* (citing *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001)).

This court takes note of a number of genuine issues of material fact that exist in this case. While Mr. Nicholas alleges that the issues at play in this case are purely legal, there are significant questions about the creation of the mortgage and the timing thereof, the authorization and creation of the satisfaction, and the manner in which Quality Title came to possess the satisfaction.

More specifically, this court notes that in her certification Jennifer Cloutier Edwards, a former employee of Asset Protection Group, Inc. ("APG"), states that she prepared the Gibraltar mortgage "on or about September 30, 2005," Document #18-17, ¶ 9, despite the fact that the mortgage was allegedly recorded several months prior to that. This raises an issue of credibility. Furthermore, the court notes that Ms. Edwards does not actually recall preparing the mortgage or satisfaction she discusses in her certification, *id.* ¶¶ 11 and 15, although she does appear to recall notarizing Mr. Reed's signature on the merger document. *Id.* ¶ 16. There is an authentication issue here since Ms. Edwards does not affirmatively certify that she recognizes the documents presented, just that the documents themselves indicate that she prepared them. These are issues of material fact regarding the authenticity of the documents on which Mr. Nicholas relies. There is also an issue of credibility which raises issues of fact about the documentation.

There is also a question of how the satisfaction came into Quality Title's possession. James B. Jordan of Quality Title alleges that Mr. Avolio provided it to him. *See Document #18-11*, ¶ 7. Mr. Avolio steadfastly denies providing this document. Also, Ms. Edwards alleges she sent the satisfaction to Gibraltar rather than Mr. Avolio. *See Document #18-7*, ¶ 17. Quality Title does not specify how it received the document. FRT, through Mr. Jordan, states that it would not consummate its transaction with Mr. Avolio unless the prior loan with Gibraltar was paid off or discharged. *See Document #18-11*, ¶ 9. There are issues of whether the satisfaction is legitimate, how it was supplied to FRT and whether it was reasonable for FRT and/or Quality Title to rely on that satisfaction.[1] This raises the issue of why Quality Title relied on a faxed copy of an unrecorded satisfaction, despite the fact that it knew based on the FRT loan application that there was a mortgage on the property. This court wonders how Quality Title came to possess the satisfaction and questions whether Quality Title, which was in the business of conducting title searches, and by extension its principal FRT, could have reasonably relied on an unrecorded faxed copy of a satisfaction in light of the knowledge they possessed about the existence of a prior mortgage. This, too, is a genuine issue of material fact to be explored at trial.

At the December 18th Hearing, counsel for Gibraltar acknowledged that material facts are in dispute; summary judgment is, therefore, not appropriate. In its cross-motion, Gibraltar argued that Marilyn Van Soest has at all times been the sole authorized shareholder, director and officer of Gibraltar. *See Document #28*, Certification of Marilyn Van Soest, ¶1. Gibraltar alleges

---

[1] This issue was raised in Mr. Avolio's arguments.

consideration was exchanged for the mortgage on the Atlantic City property in that Mr. Avolio paid $526,500 for a corporation known as Eltek Corporation of America, Inc. *Id.* ¶ 2. Gibraltar claims it did not know that Mr. Avolio was taking out a second mortgage on the Atlantic City property and never authorized the creation and signing of the alleged Satisfaction of Mortgage. *Id.* ¶¶ 3-4. Gibraltar states that Mr. Reed was never authorized to assume the title of any officer of Gibraltar. *Id.* ¶ 5. Gibraltar argues that Ms. Van Soest contacted APG on or about April 4, 2005 to advise Mr. Reed that she was the only officer and board member of the corporation. *Id.* ¶ 6. Gibraltar further alleges that the deed in lieu of foreclosure specifically had a no merger clause. *Id.* ¶ 6.[2] Gibraltar states that it deeded the property back to Mr. Avolio when it was unable to sell the property. *Id.* ¶ 7. Gibraltar also alleges that FRT's attorneys have acknowledged Gibraltar's priority position and yet also attempted to list the property for sheriff's sale without disclosing Gibraltar's lien interest. *Id.* ¶¶ 8-9. There is a direct contradiction in the facts raised by FRT, thus, issues of material fact exist and summary judgment is not appropriate.

The court notes other genuine issues of material fact that arise in the record. First, there is a dispute as to whether the documents containing "no merger" clauses are valid. There is also a dispute as to whether consideration was exchanged in connection with the Eltek transaction.

While this court acknowledges the possibility that Mr. Nicholas is correct and the satisfaction may be valid, at this time the court believes that Gibraltar has demonstrated that there are specific facts that indicate that there is a genuine need for a trial at which testimony can be heard. FRT's Motion for Summary Judgment is therefore denied. Likewise, Gibraltar has not met its burden of proof of demonstrating that no genuine issue of material fact is in dispute and its cross-motion for summary judgment is also denied.

The court's Order is attached.

The court reserves the right to supplement its findings of fact and conclusions of law.

Very truly yours,

Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

---

[2] Gibraltar's Facts contain two paragraphs numbered six. This is the second paragraph six.